UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NO.<br>) |
| v. | )<br>) |
| SUNTRUST BANKS, INC., d/b/a SUNTRUST, a SUBSIDIARY OF SUNTRUST INC., A GEORGIA CORPORATION, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Parties Marcia Vescio, Jena Lynch and Delia Timaru-Pardis ("Charging Party" and/or "Charging Parties") who were adversely affected by such practices.

As alleged with greater particularity below in paragraphs seven (7) through thirty-five (35), Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant SunTrust Banks, Inc., d/b/a SunTrust ("Defendant" and/or "SunTrust") subjected Charging Parties to a sexually hostile work environment while they were employed at SunTrust's Gulf Gate Branch in Sarasota, Florida.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant SunTrust, a Georgia Corporation with its headquarters in Atlanta, Georgia, has continuously been doing business in the State of Florida and within the City of Sarasota, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Marcia Vescio, Jena Lynch and Delia Timaru-Paradis each filed charges of discrimination with

the Commission alleging violations of Title VII by Defendant SunTrust. All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF FACTS

7. Defendant SunTrust Banks, Inc., dba SunTrust is s subsidiary of SunTrust, Inc., a financial services holding company, a Georgia Corporation. SunTrust provides deposit, credit, trust and investment services to a broad range of retail, business and institutional clients across the United States.

8. Defendant SunTrust operates its Gulf Gate Branch office in Sarasota, Florida.

9. Since November, 2008 and at least through 2010, Kenneth Sisson has been Defendant SunTrust's Gulf Gate Branch Manager.

10. The Branch Manager is the highest on-site manager who supervises all Branch employees and oversees all Branch business and operations.

### Charging Party Delia Timaru-Paradis

11. Charging Party Delia Timaru-Paradis was employed at SunTrust's Gulf Gate Branch from on or about October 1, 2009 to July 7, 2010 as a Financial Services Representative.

12. Charging Party Timaru-Paradis was supervised by Branch Manager Kenneth Sisson.

13. Since at least December 2009, Branch Manager Kenneth Sisson often made unwelcomed lewd and unwelcome comments of a sexual nature to Charging Party Timaru-Paradis including, but not limited to, sexual comments about breast implants, requests that she wear a bathing suit to attract new business, and inappropriate inquiries about her private sex life.

14. Branch Manager Sisson also subjected Timaru-Paradis to nonconsensual physical touching of a sexual nature on several occasions which included unwanted caresses on her neck and back and the touching/grabbing of her legs and buttocks.

15. Timaru-Paradis consistently rejected and objected to Branch Manager Sisson's unwelcome comments and conduct of a sexual nature and asked Sisson to stop, but he did not.

16. On or about June 25, 2010 Charging Party Timaru-Paradis complained to Defendant's Area Manager, Kevin Osborne, about Branch Manager Sisson's sexually offensive comments and conduct of an unwelcome sexual nature.

17. Osbourne never responded and Sisson's comments and conduct continued.

18. Since at least June 2009, Defendant SunTrust knew about Branch Manager Sisson's sexually offensive comments and conduct of an unwelcome sexual nature toward female employees of the Gulf Gate Branch, but took no action to stop it or prevent it from re-occurring.

19. As a result of the foregoing, Charging Party Delia Timaru-Paradis suffered damage.

## Charging Party Marcia Vescio

20. Charging Party Marcia Vescio was employed at SunTrust's Gulf Gate Branch from on or about June 19, 2006 through November 1, 2009.

21. Although hired as a Financial Services Representative, Charging Party Vescio was promoted on or about November 17, 2008 to a supervisory position.

22. Charging Party Vescio was supervised by Branch Manager Kenneth Sisson.

23. Since at least November, 2008, Branch Manager Kenneth Sisson subjected Charging Party Vescio to sex harassment on an almost daily basis including, but not limited to, staring at her breasts, making lewd comments about her legs, telling her in a sexual way how he "loved Brazilians," and engaging in sexual conversation including talk about the "tits and asses" of Hooter's waitresses who were the Defendant's customers.

24. Vescio consistently rejected and objected to Branch Manager Sisson's unwelcome comments and conduct of a sexual nature and repeatedly told him that his behavior was inappropriate and unprofessional, but Sisson did not stop.

25. Since at least June 2009, Defendant SunTrust knew about Branch Manager Sisson's sexually offensive comments and conduct of an unwelcome sexual nature toward female employees of the Gulf Gate Branch, but took no action to stop it or prevent it from re-occurring.

26. As a result of the foregoing, Charging Party Marcia Vescio suffered damage.

27. On or about November 1, 2009, Defendant terminated Charging Party Marcia Vescio.

### Charging Party Jena Lynch

28. Charging Party Jena Lynch was employed at SunTrust's Gulf Gate Branch from on or about February 8, 2008 to July 10, 2010.

29. Branch Manager Kenneth Sisson supervised Charging Party Lynch during her employment.

30. Since at least November 2008, Branch Manager Kenneth Sisson made unwelcome comments of a sexual nature to Charging Party Lynch including, but not limited to, asking Charging Party about getting a "Big Mac" in a sexual manner, asking if Lynch

thought a couple was having sex in her truck, making inappropriate inquiries about her ex-boyfriend and her private dating habits.

31. Branch Manager Sisson also subjected Lynch to nonconsensual physical touching of a sexual nature on several occasions which included approaching her from behind in a sexual manner.

32. Lynch consistently rejected and objected to Branch Manager Sisson's unwelcome comments and conduct of a sexual nature, but Sisson did not stop.

33. Since at least June 2009, Defendant SunTrust knew about Branch Manager Sisson's sexually offensive comments and conduct of an unwelcome sexual nature toward female employees of the Gulf Gate Branch, but took no action to stop it or prevent it from re-occurring.

34. Charging Party Lynch complained to Defendant SunTrust's Human Resources Department, but Defendant took no action to stop it or prevent it from re-occurring.

35. As a result of the foregoing, Charging Party Jena Lynch suffered damage.

## STATEMENT OF CLAIMS

36. On a continuing basis since at least November 2008, Defendant engaged in unlawful employment practices at its Gulf Gate Branch in Sarasota, Florida location in violation of 42 U.S.C. § 2000e-2(a) by subjecting Charging Parties to a hostile work environment based on their sex (female).

37. The effect of the unlawful employment practices complained of in paragraphs seven (7) through thirty-five (35) above has been to deprive Charging Parties of equal employment

opportunities and otherwise adversely impact their status as employees because of their sex, female.

38. The unlawful employment practices complained of in paragraphs seven (7) through thirty-five (35) above were intentional and caused Charging Parties to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

39. The unlawful employment practices complained of in paragraphs seven (7) through thirty-five (35) above were intentional and cause Charging Parties who worked at Defendant's Gulf Gate Branch Office to lose earnings, compensation and income including, but not limited to, back-pay.

40. The unlawful employment practices complained of in paragraphs seven (7) through thirty-five (35) above were intentionally accomplished with malice or with reckless indifference to the federally protected rights of Charging Parties.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting female employees to unwelcome, sexually graphic and vulgar sexual harassment;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Charging Parties, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Parties or front pay in lieu thereof;

G. Order Defendant to make whole Charging Parties by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs seven (7) through thirty-five (35)above, in amounts to be determined at trial;

H. Order Defendant to make whole Charging Parties by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs seven (7) through thirty-five (35)above, in amounts to be determined at trial;

I. Order Defendant to pay Charging Parties punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through thirty-five (35) above, in amounts to be determined at trial;

J. Grant such further relief as the Court deems necessary and proper in the public interest; and

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney

_____
GREGORY L. McCLINTON
Senior Trial Attorney **TRIAL COUNSEL**
California Bar No. 153553

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
501 E. Polk Street, Suite 1000
Tampa, Florida 33602
Tel: (818) 202-7947
Fax: (818) 228-2045
Email: gregory.mcclinton@eeoc.gov