UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

                      Case No. 8:12-cv-1325-T-33MAP

SUNTRUST BANKS, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Delia Timaru-Paradis's Motion for Leave to Intervene (Doc. # 5), which was filed on August 14, 2012, and Marcia Vescio and Heather Caldwell's Amended Motion for Leave to Intervene (Doc. # 7), which was filed on August 15, 2012.[1] The EEOC does not oppose the Motions. (Doc. ## 9, 10). Suntrust does not oppose Timaru-Paradis and Vescio's requests to intervene; however, SunTrust does oppose Caldwell's request to intervene. (Doc. # 11, 12). For the reasons that follow, the Court grants the Motions to Intervene.

---

[1] The docket refers to Intervenor Delia Paradis-Timaru. However, the parties' submissions refer to Delia Timaru-Paradis. The Court notes the inconsistency and has elected to refer to Intervenor Delia Timaru-Paradis.

**I.   Background**

On June 14, 2012, the EEOC filed this action against SunTrust under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 "to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Parties Marcia Vescio, Jena Lynch, and Delia Timaru-Paradis . . . who were adversely affected by such practices." (Doc. # 1). Specifically, the EECO alleges that SunTrust "subjected the Charging Parties to a sexually hostile work environment while they were employed at SunTrust's Gulf Gate Branch in Sarasota, Florida." Id.

The EEOC asserts that "more than thirty days prior to the institution of this lawsuit, Charging Parties Marcia Vescio, Jena Lynch, and Delia Timaru-Paradis each filed charges of discrimination with the Commission alleging violations of Title VII by Defendant SunTrust. All conditions precedent to the institution of this lawsuit ha[ve] been fulfilled." Id. at ¶ 6.

The Complaint contains allegations concerning the manner in which Branch Manager Kenneth Sisson allegedly harassed each of the Charging Parties. As to Timaru-Paradis, the Complaint alleges that Sisson "often made unwelcomed [and] lewd . . . comments of a sexual nature to Charging Party Timaru-Paradis

including, but not limited to, sexual comments about breast implants, requests that she wear a bathing suit to attract new business, and inappropriate inquiries about her private sex life." Id. at ¶ 13. In addition, the Complaint alleges that Sisson "subjected Timaru-Paradis to nonconsensual physical touching of a sexual nature on several occasions which included unwanted caresses on her neck and back and the touching/grabbing of her legs and buttocks." Id. at ¶ 14. Timaru-Paradis objected and she also complained to SunTrust's area manager, Kevin Osborne. Id. at ¶¶ 15-16. However, Osborne never responded to Timaru-Paradis's comments and Sisson's offensive behavior continued. Id. at ¶ 17.

As to Charging Party Marcia Vescio, the Complaint alleges that Sisson subjected her to "sex harassment on an almost daily basis including, but not limited to, staring at her breasts, making lewd comments about her legs, telling her in a sexual way how he 'loved Brazilians,' and engaging in sexual conversation including talk about the 'tits and asses' of Hooter's waitresses who were Defendant's customers." Id. at ¶ 23. Vescio objected to the conduct and was terminated from her employment on November 1, 2009. Id. at ¶¶ 24, 27.

As to Charging Party Lynch, the Complaint alleges that Sisson "made unwelcome comments of a sexual nature . . .

including, but not limited to, asking Charging Party Lynch about getting a 'Big Mac' in a sexual manner, asking if Lynch thought a couple was having sex in her truck, making inappropriate inquiries about her ex-boyfriend and her private dating habits." Id. at ¶ 30. The Complaint also contends that Sisson subjected Lynch to "nonconsensual physical touching of a sexual nature . . . which included approaching her from behind in a sexual manner." Id. at ¶ 31. Lynch objected to the conduct and complained to the Human Resources department, but the conduct continued. Id. at ¶¶ 32, 34.

The Complaint further alleges, "Since at least June 2009, Defendant SunTrust knew about Branch Manager Sisson's sexually offensive comments and conduct of an unwelcome sexual nature toward female employees of the Gulf Gate Branch, but took no action to stop it or prevent it from reoccurring." Id. at ¶ 33. The Complaint seeks damages, including punitive damages, and injunctive relief.

## II. Motions to Intervene

Charging Parties Timaru-Paradis and Vescio have filed separate Motions to Intervene in this action as named Plaintiffs.[2] Vescio's Motion to Intervene is also filed on

---

[2] Charging Party Lynch has not moved to intervene at this
(continued...)

-4-

behalf of an individual named Heather Caldwell. Neither SunTrust nor the EEOC object to Timaru-Paradis and Vescio intervening as named Plaintiffs, and the Court grants the Motions to Intervene to the extent they seek intervention as to Timaru-Paradis and Vescio.[3]

However, Caldwell's request to intervene is subject to further analysis because SunTrust objects to intervention by Caldwell. In Vescio and Caldwell's proposed Intervenor Complaint, Caldwell alleges that she worked at the Gulf Gate Branch from April 2007 until August 14, 2009, and was supervised by Sisson. (Doc. # 7-1 at ¶¶ 31, 33). She alleges that Sisson subjected her to a

> hostile work environment based on her sex (female) on an almost daily basis, including but not limited to making comments about her buttocks and how it looked in certain clothes; making comments about wanting Caldwell to kiss him; making suggestive comments about why male clients worked with her;

---

[2](...continued)
juncture.

[3] Timaru-Paradis's proposed Intervenor Complaint contains the following counts against SunTrust: unlawful employment discrimination based on sex in violation of Title VII (count one); hostile environment sexual harassment in violation of Title VII (count two); quid pro quo sexual harassment in violation of Title VII (count three); retaliation in violation of Title VII (count four); assault (count five); battery (count six); intentional infliction of emotional distress (count seven); negligent infliction of emotional distress (count eight); and negligence (count nine). (Doc. # 5-1).

>drawing attention to her legs; whispering in her ear about "hot" or "smoking" clients; advising her she could make more sales if she would dress the way a particular female client was dressed; advising her that he would love to see her body in a bathing suit; advising her that he looked down the assistant manager's blouse and learned that the assistant manager has a tattoo on her chest; seeing Branch Manager Sisson flirt with and kiss another female employee, a teller.

Id. at ¶ 39. Caldwell asserts that she complained and requested transfer to another branch; however, SunTrust failed to remedy the unlawful behavior. Id. at ¶ 41-44. She also asserts that she was passed over for a promotion based upon her sex and that the position in question was given to a male employee. Id. at ¶¶ 49-52. She alleges that she was constructively discharged on April 14, 2009. Id. at ¶ 54.

In Caldwell and Vescio's proposed Intervenor Complaint, they seek to assert the following claims: sex discrimination and harassment pursuant to Title VII as to Caldwell and Vescio (count one); failure to promote pursuant to Title VII and the Florida Civil Rights Act as to Caldwell (count two); national origin discrimination pursuant to Title VII as to Vescio (count three); Title VII retaliation as to Vescio (count four); sex discrimination and harassment in violation of the Florida Civil Rights Act as to Caldwell (count five); intentional infliction of emotional distress as to Caldwell

and Vescio (count six); negligent infliction of emotional distress as to Caldwell and Vescio (count seven); and negligence as to Caldwell and Vescio (count eight).

### III. Intervention Analysis

Caldwell moves to intervene under Federal Rule of Civil Procedure 24. Rule 24 provides for both mandatory and permissive intervention, and Caldwell asserts that the Court could grant the Motion to Intervene under either standard. The Court need not decide whether Caldwell is entitled to intervene as a matter of right, because permissive intervention is appropriate.

Rule 24(b), governing permissive intervention, provides: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Upon review of Caldwell's allegations concerning her treatment by Sisson at SunTrust's Gulf Gate Branch, the Court determines that Caldwell meets Rule 24(b)(1)(B)'s requirement of sharing a common question of law or fact.

Rule 24 imposes a timeliness requirement on motions to intervene; however, unlike time limitations set forth in other Federal Rules, the actual time limits are not set out in Rule

24. See Heaton v. Monogram Credit Card Bank of Ga., 297 F.3d 416, 422 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." Id. As to the requirement of timeliness, the Court "must consider" four factors: "(1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the presence of unusual circumstances militating either for or against a determination that the application is timely." Walker v. The Jim Dandy Co., 747 F.2d 1360, 1365 (11th Cir. 1984).

Here, Caldwell sought to intervene in this action exactly two months after the case was filed. There is no indication that Caldwell delayed the filing of her petition, resulting in prejudice to any party. In addition, there are no circumstances militating against a finding of timeliness, as

was the case in Fox v. Tyson Foods, Inc., 519 F.3d 1298 (11th Cir. 2008).  There, the court determined that the district court did not abuse its discretion in denying motions to intervene because the action had been filed several years earlier and intervention would delay the case. Id. at 1304. Accordingly, the Court determines that Caldwell's Motion to Intervene is timely.

SunTrust asserts that intervention should be denied because Caldwell has not exhausted her administrative remedies.  The Court determines that SunTrust's arguments are better suited for a dispositive motion than a response to a motion to intervene.  In addition, in Walker, the court determined that intervention in an employment discrimination action was appropriate even though the putative intervenor had not filed a charge with the EEOC.  747 F.2d at 1366. Furthermore, it should be noted that Caldwell submits in her Motion to Intervene that her "charge was timely filed with and investigated by the Florida Commission on Human Relations." (Doc. # 7 at 2). In addition, in her proposed Intervenor Complaint, Caldwell asserts, "Plaintiff Intervenors timely filed a complaint of discrimination with the EEOC and/or Florida Commission on Human Relations." (Doc. # 7-1 at ¶ 10).

The Court determines that it is appropriate to allow

Caldwell to intervene in this action at this early juncture, as her claims are strikingly similar to those asserted by the Charging Parties and share common questions of law and fact. In the instance that SunTrust maintains that Caldwell failed to exhaust certain administrative remedies, SunTrust may file an appropriate motion, to which Caldwell will be given an opportunity to respond.

In addition, the Court notes that, by this Order, it is permitting three additional Plaintiffs to join this suit. The EEOC's Complaint was filed on June 14, 2012, Paradis-Timaru has proposed an Intervenor Complaint, and Caldwell and Vescio have also proposed a separate Intervenor Complaint. The Court foresees procedural difficulties in managing a case in which three distinct complaints will govern the action and describe the parties' claims. In order to effectively manage the case, the Court directs the EEOC and the intervening Plaintiffs to collaborate to fashion a single operative complaint that will govern all claims asserted against SunTrust. Such consolidated Complaint should be filed by October 15, 2012.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Delia Timaru-Paradis's Motion for Leave to Intervene (Doc. # 5) and Marcia Vescio and Heather Caldwell's

Amended Motion for Leave to Intervene (Doc. # 7) are **GRANTED**.

(2) The EEOC and Intervening Plaintiffs are directed to file a consolidated Complaint by October 15, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of September, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record